856 So.2d 438 (2003)
James Arthur HIRES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CA-00059-COA.
Court of Appeals of Mississippi.
April 8, 2003.
Rehearing Denied August 26, 2003.
*439 Ronald Reid Welch, Jackson, attorney for appellant.
Office of Attorney General, by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. James Arthur Hires appeals the Harrison County Circuit Court's denial of post-conviction relief. Hires petitioned the court to vacate his conviction and sentence of kidnaping and jail escape as an habitual offender. Finding no error, we affirm.

FACTS
¶ 2. In 1978, James Arthur Hires was found guilty of kidnaping and received a sentence of life imprisonment. The court set a sentencing hearing to determine whether Hires was a habitual offender due to his convictions in Florida for auto larceny, felony escape and robbery. Prior to the hearing, Hires escaped from custody.
¶ 3. Hires' unsanctioned freedom lasted until 1985 when he was captured in Florida and returned to Mississippi. After a hearing, Hires admitted to being a habitual offender. The court found him to be a habitual offender and sentenced him to life without parole or probation. Hires also pled guilty to the charge of escape and was sentenced to an additional five years' imprisonment to run concurrently.
¶ 4. On May 15, 1985, Hires received permission to appeal in forma pauperis. On May 19, 1985, the circuit court entered an order denying Hires's motion for judgment notwithstanding the verdict or in the alternative a new trial. On June 14, 1985, the State responded to the circuit court's order granting Hires permission to appeal in forma pauperis and moved to set aside the court's decision on the grounds that Hires's escape negated his appeal. On June 28, 1985, the circuit court relieved Hires's court appointed attorney based on an in court announcement by another attorney stating that Hires's girlfriend had retained him to represent Hires. On the same date, in a separate order, the circuit court vacated its prior permission for Hires to proceed on appeal in forma pauperis. Hires did not file a direct appeal.
¶ 5. In December of 1985, Hires filed a petition for writ of certiorari with the Mississippi Supreme Court, appealing the lower court's order vacating its permission allowing him to proceed on appeal in forma pauperis. In response, although Hires escaped in 1978 before his sentencing hearing and before he appealed the verdict, the State asked the supreme court to view Hires's escape from custody the same as the court would treat Hires's escape had he done so after he had been sentenced *440 and filed for an appeal. The State relied on Derrick v. State, 406 So.2d 48 (Miss.1981) to the extent that Hires's escape effectively abandoned his right to appeal. On February 5, 1986, the supreme court accepted the State's argument and denied Hires's petition.
¶ 6. Then, in 1987, Hires filed a pro se request for his trial transcript, which was denied. In August of 1989, Hires filed a motion to reconsider the order denying appeal or, in the alternative, motion to reinstate appeal, accompanied by an affidavit of poverty. The motion asked the court to reconsider the June 1985 order denying his appeal. Hires asserted the same grounds for relief that he had set forth in his earlier writ of certiorari, i.e., he was wrongfully denied his right to appeal. On October 3, 1989, the circuit court denied his appeal, and Hires did not appeal.
¶ 7. In May of 1990, Hires filed a petition for leave to proceed on an out-of time appeal in forma pauperis in the supreme court, which was dismissed as procedurally barred. Hires then filed a pro se motion in federal court seeking to compel the production of his transcript. Upon this motion, the federal court declared that the transcript had been destroyed.
¶ 8. On December 20, 2000, Hires filed this motion for post-conviction relief. On December 7, 2001, this motion was denied.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN DENYING HIRES POST-CONVICTION RELIEF MOTION.
¶ 9. The circuit court ruled that Hires's motion was barred from review for several reasons. Specifically, the judge ruled:
Petitioner seeks to exempt himself from his convictions and punishments imposed by law, not because he is innocent but because the transcripts of his trial and plea hearing are lost. He completely ignores that the MS Supreme Court, once in 1986, denied his attorney's claim that petitioner had wrongfully been deprived of his right to appeal; and a second time, in 1990, dismissed Petitioner's pro se Petition for Leave to Proceed On Out of Time Appeal in Forma Pauperis as procedurally barred.

His motion is a collateral attack of two separate judgments. It is not before the court on direct appeal. It is filled with allegations and conclusions rather than facts and conveniently omits material facts contained in the court files of this court and the MS Supreme Court. An accurate history of the case and the law reveal that the motion is jurisdictionally deficient; a successive writ; procedurally-barred; time-barred; and filled with allegations which are procedurally, statutorily and legally insufficient.
¶ 10. After review of the record and the prevailing authorities, we agree with the trial court's ruling. Hires's motion is barred from review on several grounds. Therefore, we will not consider the merits of his appeal.
¶ 11. Hires seeks post-conviction relief raising four claims: (1) that it was error to lose his transcripts; (2) that the State failed to prove that he was a habitual offender; (3) that it was error to relieve his court appointed attorney in 1985; and (4) and that it was error to revoke his right to appeal in 1985. Hires seeks post-conviction relief by again raising a similar claim that he has raised several times before, that the court erred by revoking his right to appeal. On this issue, the Mississippi Supreme Court denied his petition in 1986 and, in 1990, dismissed his petition for leave to proceed on out-of-time appeal as procedurally barred.
*441 ¶ 12. As to the remaining claims that were not previously asserted, the failure to raise a claim either at trial or on direct appeal is a procedural bar to the consideration of that claim. Townsend v. State, 776 So.2d 739(¶ 5) (Miss.Ct.App. 2000) (citing Miss.Code Ann. § 99-39-21). Indeed, Miss.Code Ann. § 99-39-21(1) (Supp.2002) provides that the failure to assert such claims on direct appeal bars subsequent post-conviction relief. Accordingly, pursuant to Miss.Code Ann. § 99-39-21, Hires's motion is procedurally barred.
¶ 13. In addition, Hires's motion is procedurally barred as a successive writ. Miss.Code Ann. § 99-39-23(6) (Supp.2002) provides, in pertinent part, that "any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." Hires previously brought more than one motion seeking relief. No timely appeal was taken. Consequently, Hires is barred from bringing a successive motion. Sneed v. State, 722 So.2d 1255, 1256(¶ 8) (Miss. 1998). Moreover, while there are exceptions provided in Miss.Code Ann. § 99-39-23(6), "[t]his Court has upheld the denial of successive applications where the petitioner has failed to demonstrate the existence of an exception." Maston v. State, 750 So.2d 1234, 1236(¶ 10) (Miss.1999). Hires's motion is not within any applicable exception, and this successive petition must fail.
¶ 14. Hires's motion is also time barred. Miss.Code Ann. § 99-39-5(2) (Supp.2002), allows for a three year window in which to file an appeal. Hires's motion for post-conviction relief was filed well beyond the three year limitations period, and there are no exceptions which would extend this period.
¶ 15. Accordingly, we find the circuit court's denial of the petition for post-conviction relief without error, and we affirm.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.